STATE, *ex rel.* WEST FLAGLER AMUSEMENT CO., INC., .V.. CARL G. ROSE, R. R. SAUNDERS, ROGER H. WEST, THOMAS A. JOHNSON, and WALTER H. DONOVAN, as and constituting The STATE RACING COMMISSION, *et al.*

165 So. 60.

En Banc.

Opinion Filed December 13, 1935.

228

*Loftin, Stokes & Calkins,* for Relator;

*T. G. Futch, Bussey, Mann & Bárton, Carl T. Hoffman* and *L. L: Robinson,* for Respondents.

DAVIS, J.—This is a mandamus proceeding brought to coerce the respondents, as members of the State Racing Commission, to forthwith proceed, in the performance of their legal duty, to convene as the said State Racing Commission and rescind certain actions taken by them on October 22, 1935, whereby they, as Commissioners, assumed to fix and set the permissible dates for dog racing in Dade County, Florida, during the period beginning December 2, 1935, and ending April 10, 1936, in a manner alleged in the alternative writ not to be in conformity with the express re-

quirements of paragraph (1) of Section 2 of Chapter 17276, Acts 1935, which is amendatory of Section 2 of Chapter 14832, Acts 1931, with respect to dates for racing allowable under permits or licenses granted by the State Racing Commission pursuant to law.

The facts leading up to this controversy are shown to be as follows:

There are three greyhound racing tracks located in Dade County, Florida. One of the tracks is operated by the petitioner, West Flagler Amusement Co., Inc., another track is operated by the respondent, Biscayne Kennel Club, Inc., and thirdly, the track operated by the respondent, Miami Beach Kennel Club, Inc. The track of the petitioner is located on the west side of Northwest 37th Avenue near Flagler Street, just outside the corporate limits of the City of Miami, and is situated near Flagler Street which is a main thoroughfare of Miami and Dade County. The track of the respondent, Biscayne Kennel Club, Inc., is located at Northeast Second Avenue and 115th Street in the town or village of Miami Shores, while the track of the respondent, Miami Beach Kennel Club, Inc., is located across Biscayne Bay from Miami at the extreme south end of the City of Miami Beach. Each of the tracks filed with the State Racing Commission their respective applications for licenses and racing dates for the winter racing season beginning December 2, 1935, and ending April 10, 1936. The State Racing Commission allotted to the tracks the following racing dates and days:

| Name | Dates | Number of Days (Sunday excluded) |
|---|---|---|
| (a) Biscayne Kennel Club, Inc. | December 3, 1935, to February 15, 1935 | 66 |

(b) Miami Beach Kennel
   Club, Inc.            January 1, 1936
                              to
                         April 10, 1936        87

(c) West Flagler Amusement
   Co., Inc.             February 3, 1936,
                              to
                         April 10, 1936        59

The petitioner, West Flagler Amusement Co., Inc., feeling itself aggrieved because the Commission allotted it a lesser number of permissible racing days than the tracks operated by the respondents, Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc., thereupon filed this proceeding in mandamus seeking a judicial avoidance by this Court of what the State Racing Commission has done, alleging in its pleadings as a basis therefor that the Commission's authority in the premises has been grossly and flagrantly abused and has resulted in an unlawful and preferential discrimination in favor of Miami Beach Kennel Club, Inc., to the prejudice of relator as its chief competitor in the Dade County dog racing area.

The power of the State Racing Commission to fix racing dates is vested in the Commission by paragraph 1 of Section 2 of Chapter 17276, Acts 1935, Laws of Florida, which statute provides that the State Racing Commission shall have the authority:

"To fix and set the dates for racing in any county where there are—one or more dog tracks, seeking to race and holding ratified permits upon which any track can operate in any county, apportioning such dates to the several tracks in such counties in a fair and impartial manner. Provided, however, that where only one licensed dog track is

located in a county, such track shall be entitled to operate ninety (90) days during the racing season at option of said dog track."

The official order of the State Racing Commission acting under said paragraph 1 of Section 2 of said Chapter 17276, Acts 1935, *supra,* being quasi legislative in quality, and involving no exercise of judgment having a judicial attribute, is reviewable on mandamus against the board to compel it to rescind whatever it may have done under the guise of the authority vested in it should it be made to appear that its official action in the premises was arbitrarily or clearly erroneously exercised, or a discretion given it by law palpably abused. This is so because the imposition of a clear, mandatory, legal duty to perform an official act only under particular circumstances implies an equally clear, mandatory legal duty to rescind on demand any attempted official action done otherwise than in conformity to the essential requirements of the law as laid down in the statute under which the legal duty is derived. So mandamus to judicially enforce the last mentioned clear legal duty to recall and rescind any arbitrary or unlawful official action taken on the part of the State Racing Commission in the attempted exercise of its administrative quasi-legislative (or quasi-executive) powers, is the appropriate remedy where no special statutory method of redress is otherwise available. See: State, *ex rel.* Pinellas Kennel Club, Inc., v. State Racing Commission, 116 Fla. 143, 156 Sou. Rep. 317.

The "racing season" or that period of time within which racing can only be conducted is prescribed by Section 4 of Chapter 17276, Laws of Florida, Acts of 1935, *supra.* The pertinent part of Section 4, applicable to dog tracks, provides:

"* * * hereafter dog race track meetings shall be held only during the period extending from and including the 1st day of December in each year to and including the 10th day of April the following year. Provided, that * * * dog race meetings shall be limited as to number of racing days as provided in Section 8 of Chapter 14832, Laws of Florida, Acts of 1931 * * * "

Section 8, Chapter 14832, Acts of 1931, fixes the number of days within which dog racing shall be conducted by each and every race track. The pertinent part of that section here applicable provides:

"No license or licenses shall be granted to any person, association or corporation or to any race track for a meet or meeting in any county to extend longer than * * * ninety racing days for dog racing in any twelve month period."

The power and authority of the Commission to fix the number of days during which racing may be conducted by each permit holder is embraced within Section 7, Chapter 17276, Acts of 1935, *supra.* That part of the section here applicable provides:

"After a permit has been granted by the Commission, and after the same has been ratified and approved by the mapority of the electors participating in such election of the County designated therein, the Racing Commission shall have the power, and it shall be its duty to grant to the lawful holder of such permit, subject to the conditions hereof, a license to conduct racing under this Act, and to fix annually the time, place and number of days during which racing may be conducted by such permit holder at the location fixed in said permit and ratified in said election."

Undoubtedly a racing permit or license granted under the statute confers no franchise but is a mere license granted, or withheld at the option of the state acting under its po-

lice powers, Prettyman v. Florida Real Estate Commission, 92 Fla. 515, 109 Sou. Rep. 442. However, the right to profitably enjoy the benefits of a license after it is already granted, without undue prejudice to the licensee, or undue discrimination in favor of other licensees similarly situated, is likewise implied, if not expressed, in the requirement of the statute that where there is more than one dog track operating in the same county, the "dates" to the several tracks in such counties shall be apoprtioned in a fair and impartial manner.

Turning now to the statute on the subject of racing "dates" and racing "days," we find that it disclosed a clear intent that every licensed dog track shall be entitled to a full period of 90 days of racing unless by reason of intra-county competition between two or more licensees operating in the same county, a less total number of "days" for racing than 90 days shall be specified for each of the tracks. We find further that only after the permissible total number of "days" for dog racing has been determined and fixed in more than one track counties at less than the full 90 days accorded by the statute to dog tracks generally in all one-track counties, is the State Racing Commission vested with any authority at all under paragraph 1 of Section 2 of Chapter 17276, *supra*, to apportion the "dates" within the specified and limited number of "days" permitted for the operation of each track.

The power to fix the total number of "days" for racing in a county is one that must be exercised under Sections 7 and 8 of Chapter 17276, Acts 1935. No power is given by these sections of the statute to fix as between tracks operating in the same county any different total number of "days" for racing than is permitted to any other track operating in such county.

On the other hand, power is given by Section 2 of the Act, paragraph 1 thereof, to so fix and set the "dates" within the total number of racing "days" permitted to each track (less than the full ninety days) that the apportionment of dates to several tracks in the same county shall afford to each a fair and impartial opportunity for the beneficial enjoyment of the privilege of racing implied in the several racing permits or licenses affected by such apportionment of "dates."

We hold, therefore, that there was no legal justification for the action of the State Racing Commission in fixing and setting the "days" for dog racing at the West Flagler Amusement Company's dog track at a less total number of days than it permitted to any other dog track in Dade County but that its statutory authority in the premises was and is limited to a mere setting and fixing of the particular "dates" on which each of the Dade County dog tracks shall be allowed to operate in its expenditure of its allocated total number of "days" permitted to it for its own individual "season." We hold further that the duty of the State Racing Commission to apportion *dates* to the several dog tracks in Dade County in a fair and impartial manner is a duty to so "fix and set the dates for racing" that the track *season,* which is the period comprehended in the total number of *days* allowed to each track, will afford to each licensee a substantially equal opportunity for the beneficial enjoyment of its permit and the realization of its permit opportunities.

The response of the State Racing Commission to the alternative writ of mandamus (which is admitted to be true by relator's motion for a peremptory writ of mandamus—the return to the contrary notwithstanding) shows affirmatively that the respondent Commission officially acted

under a misapprehension of law as to requirements of the statute governing the exercise of its authority to "fix and set dates for racing" in accordance with paragraph 1 of Section 2 of Chapter 17236, *supra,* and that by reason of such misconception of the law on its part that the resultant order entered by the Commission on October 22, 1935, is not in conformity with law and should accordingly be recalled, rescinded and vacated and a new order made by the Commission in conformity to the law as adjudged in this proceeding.

As will be noted by the terms of the alternative writ of mandamus, the relator has made parties to this proceeding the respondents, Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc., to neither of which has any legal command been addressed in the commands of the alternative writ. Such procedure is not permissible in mandamus and the alternative writ is, as to the respondents, Miami Beach Kennel Club, Inc., and the Biscayne Kennel Club, Inc., not well founded and should therefore be quashed.

This is not to say that an adjudication by this Court against the State Racing Commission is incompetent to bind the respondents, Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc., even though they are eliminated as formal respondents of record.

On the contrary, the well settled doctrines that a person bound by virtual representation in a legal proceeding is equally bound as if a formal party of record to it, applies to each of said parties—Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc., by reason of the fact that they can neither claim nor assert any legal rights in the premises under the challenged order of the State Racing Commission greater than such State Racing Commission had statutory power to confer by virtue of such an order.

‎·Therefore whatever judicial conclusion may become a binding judgment in mandamus against the State Racing Commission's attempted order will *ex proprio vigore* effectually bind all parties to that order, as much so as such parties would have been bound by any lawful order entered by the Commission in the first instance absent any judicial intervention to command it.

In contemplation of law, the State Racing Commission is nothing more than a statutory trustee for the exercise of the administrative powers conferred upon it, insofar as such powers may affect the legal privileges which racing permit holders are entitled to have apportioned to them *inter sese* by official decision of the Commission. So whatever judgment at law may become binding upon the Commission in cases brought against it with respect to its attempted orders, necessarily binds all parties for whom the Commission was lawfully entitled to act, and in turn represent, when legal proceedings are instituted to contest or set aside its action as evidenced by its official records.

Alternative writ of mandamus quashed as to respondents. Biscayne Kennel Club, Inc., and Miami Beach Kennel Club, Inc.

Motion for peremptory writ of mandamus granted as against respondent State Racing Commission.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.