STATE, *ex rel.* BROWARD COUNTY KENNEL CLUB., INC., v. CARL G. ROSE, R. R. SAUNDERS, ROGER H. WEST, THOMAS A. JOHNSON and WALTER H. DONOVAN, as and constituting THE STATE RACING COMMISSION, *et al.*

170 So. 710.
Opinion Filed November 23, 1936.
Rehearing Denied December 1, 1936.

*C. H. Landefeld, Jr.,* and *Loftin, Stokes & Calkins,* for Relator;

*Gaines & Futch,* for Respondents;
*Henry C. Tillman,* as *Amicus Curiae.*

PER CURIAM.—Relator is the only licensed dog track in Broward County. The object of the present proceeding in mandamus is to require the respondents, as and constituting the State Racing Commission, to reconvene and rescind the action by which they undertook to limit relator's racing season in Broward County to begin December 28, 1936, and end April 10, 1937, to co-ordinate with a similar racing season set for the adjoining County of Dade wherein there are more than one dog and more than one horse track.

Section 4 of Chapter 17276, Acts 1935 (Chapters 14832, Acts 1931, as amended), provides as follows:

"Hereafter horse race track meetings shall be held during the period extending from and including the 10th day of December in each year to and including the 10th day of April the following year and hereafter dog race track meetings shall be held only during the period extending from and including the 1st day of December in each year and including the 10th day of April the following year; Provided, that both horse race and dog race meetings shall be limited as to number of racing days as provided in Section 8 of Chapter 14832, Laws of Florida, Acts of 1931, and provided further no race or racing shall be permitted on Sunday."

Subsection 1 of Section 2 of Chapter 17276, *supra,* provides that the State Racing Commission shall be empowered as follows:

"(1) To fix and set the dates for racing in any county where there are one or more horse tracks or one or more dog tracks seeking to race and holding ratified permits upon which any track can operate in any county apportioning such dates to the several tracks in such counties in a fair

and impartial manner. *Provided, however, that where only one licensed dog track is located in a county, such track shall be entitled to operate ninety (90) days, during the racing season at option of said dog track."* (Emphasis supplied.)

In setting dates for relator, the State Racing Commission construed the proviso to Subsection 1 of said Section 2, above, as if it read as follows: "Provided, however, that where only one licensed dog track is located in a county, such track shall be entitled to operate ninety (90) days, during the racing season," whereas, the proviso contains the additional language, "at the option of said dog track."

The racing season prescribed by the statute consists of both *dates* and *days*. In counties where more than one track is licensed to operate, the State Racing Commission has statutory authority to prescribe both *dates* and *days* of racing to be allowed the several tracks, subject only to the requirement that *dates* and *days* shall be apportioned on a fair and impartial basis. State, *ex rel.* West Flagler Amusement Co., v. Rose, *et al.*, 122 Fla. 227, 165 Sou. Rep. 60.

In counties where there is but one licensed dog track the language of the statute itself fixes ninety days as the maximum number of days each track "shall be entitled to operate." This means that if any dog track in such one track county wants to operate the full number of days it is "entitled" by the statute itself to do so without reference to any action by the Racing Commission.

And the statute itself in its use of the additional phrase, "at the option of said dog track," as employed in the proviso to Subsection 1 of Section 2 of Chapter 17276, *supra,* obviously intended that a dog race track located in a one track county should enjoy the "option," absent any action by the Racing Commission, to select the particular *dates*

upon which it could expend its permissible ninety days of dog racing that the statute had already said it was "entitled to operate" in the preceding part of the same statutory proviso.

Under the proviso to Subsection 1 of Section 2 of Chapter 17276, *supra,* respondents, Racing Commissioners, were without statutory power to fix either the *dates* or the *days* of racing for relator as the operator of a licensed dog track in the one track county of Broward, therefore the peremptory writ of mandamus should issue as prayed for, and it is so ordered.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—I am unable to agree that Subsection (1) of Section 2 of Chapter 17276, Acts of 1935, amending Section 2 of Chapter 14832, Acts of 1931, should be construed to preclude the State Racing Commission exercising the authority to "fix and set" the dates for dog racing in a county where there is only one licensed dog race track holding permit to conduct a dog racing meet and thereby fixing and setting the particular ninety days during which such racing meet may be conducted at such track.

Section 2 of Chapter 14832, Acts of 1931, insofar as the same is pertinent here, provided as follows:

"It shall be the duty of the State Racing Commission to carry out the provisions of this Act and such Commission shall have the power and authority to personally, or by agents, supervise and check the making of Pari Mutuel Pools and the distribution therefrom, and

"(1) To fix and set the dates, provided, however, that this Section shall not be construed as authorizing the Commission to fix and set dates for racing in any county where there is not more than one horse track or more than one dog track seeking to race and holding ratified permits, upon which any track can operate in any county, but shall not exclude the operation of other tracks in other counties on same dates."

The first paragraph of that section is identical with the first paragraph of the amended section, except that the word "distributions" (plural) appears in the original and "distribution" (singular) appears in the amendment. But the second paragraph designated (1) is quite different, as will be seen at a glance. The amended paragraph reads:

"Section 2. It shall be the duty of the State Racing Commission to carry out the provisions of this Act and such Commission shall have the power and authority to personally, or by agents, supervise and check the making of Pari Mutuel Pools and the distribution therefrom, and

"(1) To fix and set the dates for racing in any county where there are one or more horse tracks or one or more dog tracks seeking to race and holding ratified permits upon which any track can operate in any county apportioning such dates to the several tracks in such counties in a fair and impartial manner. Provided, however, that where only one licensed dog track is located in a county, such track shall be entitled to operate ninety (90) days, during the racing season at option of said dog track."

Here the Legislature has authorized the Racing Commission to "fix and set the dates for racing in *any* county where there are *one* or more horse tracks or *one* or more dog tracks seeking to race," etc. (Emphasis supplied.) The paragraph then authorized the Commission to appor-

tion such dates to the several tracks in any such counties in a fair and impartial manner.

In State, *ex rel.* West Fla. Amusement Co., v. Rose, 122 Fla. 227, 165 Sou. 60, we construed this provision as follows:

"Turning now to the statute on the subject of racing 'dates' and racing 'days,' we find that it disclosed a clear intent that every licensed dog track shall be entitled to a full period of 90 days of racing unless by reason of intra-county competition between two or more licensees operating in the same county, a less total number of 'days' for racing than 90 days shall be specified for each of the tracks. We find further that only after the permissible total number of 'days' for dog racing has been determined and fixed in more than one-track counties at less than the full 90 days accorded by the statute to dog tracks generally in all one-track counties, is the State Racing Commission vested with any authority at all under paragraph 1 of Section 2 of Chapter 17276, *supra,* to apportion the 'dates' within the specified and limited number of 'days' permitted for the operation of each track."

In that case we were applying the statute to a condition which existed because there were two or more tracks operating in the county. In this case we apply the statute where there is only one dog track in the county.

If we follow the well established rule and give all the words in the paragraph full meaning, we must say: the State Racing Commission may fix and set dates for racing in any and every county where either or both horse racing and dog racing are permitted; that in counties where more than one track of either character is operated the Commission has the discretion to apportion to each track of like character dates covering a part of the racing season and

allow each of such tracks less than 90 days in which to operate. But in a county where there is only one dog track to be operated, the Commission may fix and set the days for racing at such track, but must allow the track to operate the full period of ninety (90) days, if the operators desire to operate during all of such period. It is left at the option of the track to take a permit for ninety days or less. The option which may be exercised by the track is as to the number of days it will be permitted, but, having exercised and indicated its option, the dates between which it will so operate will be fixed by the Commission.