RAWLS, Judge.
We are here concerned with a motion filed by appellee, State ex rel. Ausebel to strike the brief filed on behalf of amicus curiae, Shell’s City, Inc. In the interest of clarity, it is of importance to inquire into the nature of these proceedings.
Bernard Ausebel, a licensed liquor dealer in Miami Beach, Florida, as relator, instituted his petition for alternate writ of mandamus against respondent, Richard B. Keating, Director of the State Beverage Department. The gist of Ausebel’s petition is that Keating unlawfully reinstated a license for his competitor, one block away from his premises, and unlawfully approved the transfer of said disputed license to Shell’s City, Inc. Thus, it is immediately apparent, that the entire controversy centers upon the validity of the beverage license now owned by Shell’s City, and of course it follows that Shell’s City is quite interested in the ultimate decision concerning same. Prior to issuance of the alternative writ, the circuit *568 judge entered an order containing the following :
“It appears to the court that Shell City, Inc. has some rights or claims of right in the license involved in this cause which is the subject of adjudication herein; that under the rulings of State ex rel. West Flagler Amusement Co. v. Rose, et al., [122 Fla. 227] 165 So. 60, Shell City, Inc., is not a strictly proper party to a Mandamus action such as that at bar, but to make binding judgments vitally and directly affecting such rights without an opportunity for the claimant of such rights to effectively participate in the judicial proceedings leading to such judgments, would be contrary to traditional concepts of due process of law. The court is also of the view that Mandamus is not a strict matter of right but is subject to the sound judicial discretion of the trial court. This court will therefore decline to consider further this cause and hereby suspends proceedings therein until said Shell City, Inc. shall be given a clear opportunity to participate in this cause by counsel of its choice who will be recognized as Amicus Curiae.”
Upon final hearing, the trial judge entered an extensive final judgment in mandamus, which concluded that the beverage license owned by Shell’s City, Inc., is void. Respondent, State Beverage Director, timely filed his notice of appeal and assignments of error, after which Shell’s City’s petition to file a brief and participate in the appellate proceedings as amicus curiae was granted by this Court.
With the foregoing background in mind, we now consider relator Ausebel’s motion to strike Shell’s City’s brief, which is founded primarily upon the theory that amicus curiae has not accepted the issues as raised by respondent, injected new issues on appeal, and is now attempting to assert a higher standing in these proceedings than that occupied by the actual parties. Specifics alleged to sustain respondent’s motion to strike are:
1. Amicus curiae now attempts to question the sufficiency of the initial complaint in that it did not allege the Ausebel was a resident and citizen and that this issue was not raised at any stage of the proceedings by the. parties.
2. Amicus curiae now attempts to-inject a construction of Section 561.-11, Florida Statutes, F.S.A., into the appellate proceedings, whereas respondent has recognized that said statute is not applicable to the case at bar.
As to relator’s first specific, a review of the record discloses that respondent’s initial pleading to relator’s complaint was by motion to quash alternate writ and to dismiss petition, and that paragraph 3 of same states:
“The petition fails to set forth sufficient allegations to demonstrate that petitioner has legal standing to maintain the action." [Emphasis supplied.]
It is axiomatic that the allegation contained in the record “speaks for itself”’ and conclusively rebuts relator’s bare statement that such issue was not raised in the trial proceedings.
In relator’s second specific, he complains about amicus curiae citing a certain section of Chapter 561 which he concludes, is the injection of a new point on appeal. We note at the outset that the-able trial judge in his final judgment in mandamus, made the following statement: “The Director’s powers and duties are-wholly statutory, F.S., Chapter 561.” We will not assume nor will we accept relator’s statement, that the trial judge only chose certain sections of said Chapter-without giving equal weight to all sections. We conclude that the matters encompassed in amicus curiae’s brief all relate to issues-which were litigated in the trial proceedings.
*569 Finally, relator urges that the issues •as briefed by amicus curiae are not within respondent’s assignments of error and are not within the issues asserted by the parties to this Court. As stated at the outset, the sole issue presented to the chancellor concerned the validity of amicus ■curiae’s license.
Respondent’s assignments of error aré' •as follows:
“1. The court erred in denying the respondent’s motion to dismiss.
“2. The court erred in denying respondent’s motion to quash alternate writ and to dismiss petition.
“3. The court erred in failing to ■dismiss the proceeding and dissolve the alternative Writ of Mandamus on respondent’s motion for rehearing.
“4. The court erred in and by its final judgment dated April 16, 1963, entered herein.
“5. The court erred in issuing its peremptory writ of Mandamus on May 24, 1963.
“6. The court erred in failing to apply equitable principles in this cause.
“7. The court erred in holding that relator had legal standing to maintain this action.
“8. The final judgment is contrary to law.
“9. The peremptory writ of mandamus issued contrary to law.”
Further, we note that Florida Appellate Rules, Rule 3.5, subd. c., 31 F.S.A., provides :
“The assignments or cross assignments of error shall designate identified judicial acts which should be stated as they occurred; grounds for error need not be stated in the assignment.”
Thus, it is apparent that the “issues” now being urged by respondent and amicus curiae are well within respondent’s assignments of error, and we also observe that no conflict exists between respondent and amicus curiae in the prosecution of this appeal and the issues of same.
A significant distinction is apparent as between “issues” and “theories” in support of a particular issue. We agree with relator’s position that amicus is not at liberty to inject new issues in a proceeding ; however, amicus is not confined solely to arguing the parties’ theories in support of a particular issue. To so confine amicus would be to place him in a position of parroting “me too” which would result in his not being able to contribute anything to the court by his participation in the cause.
Motion denied.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.