ERVIN, Justice.
In original proceedings in mandamus before us the Relator, Pensacola Greyhound Racing, Inc., a Florida corporation, seeks to require the members of the Florida State Racing Commission, Respondents, to convene and cancel and annul a permit the Commission has issued to applicant West Coast Sports Association, Inc., to conduct jai alai at a fronton outside Pensacola in Escambia County. Alternative writ of mandamus was issued in the cause. Respondents have filed their return and a motion to quash said writ; Relator has moved for peremptory writ of mandamus, the return and motion to quash notwithstanding.
While there are other matters of serious import alleged by Relator, we think it will suffice to point out that the West Coast Sports Association, Inc., as Applicant, filed its application with the Racing Commission for a permit to operate a summer jai alai fronton at a specific location in Tampa, Florida. This application was scheduled for consideration by the Commission at its meeting of August 12, 1966. However, on August 10, 1966 Applicant filed an amendment wherein the location of the proposed fronton was changed from Tampa, Florida, to a location outside the city of Pensacola, in Escambia County, Florida. The Commission at its meeting on August 12, 1966 accepted the amendment and subsequently issued the permit. The Relator requested the Commission to rescind the permit, which request it heard officially and denied.
Relator specifically alleges:
“Section 551.12, Florida Statutes [F.S. A.], provides that in no event shall a jai-alai fronton permit or license be issued to conduct jai-alai and pari-mutuel pools at a location within fifty miles of another location where pari-mutuel pools are conducted under Chapter 550 or Chapter 551, Florida Statutes [F.S. A.]. Pensacola Greyhound Racing, Inc., is the owner and operator of a dog racing track in Escam-bia County where pari-mutuel pools are conducted under Chapter 550, Florida Statutes [F.S.A.], and the west 330 feet of the southwest quarter of Section 2, Township 1 South, Range 31 West in Es-cambia County, Florida,[1] is within much less than fifty miles thereof. By reason of the foregoing the permit issued to West Coast is void, illegal and of no effect.”
Section 551.12, Florida Statutes [F.S.A.], provides in part:
“ * * * provided, however, that in no event shall any jai alai fronton permit or license be issued to conduct jai alai and pari-mutuel pools at a location within fifty miles of another location where pari-mutuel pools are conducted under chapter 550 or 551, said distance to be measured on a straight line, said straight line shall be measured from property line to property line at the points nearest to each other, except this proviso shall not apply to frontons which have been issued valid permits and licenses to operate pri- or to June 30, 1959, and which are now in effect; * * This proviso was inserted into Section 551.12 by Ch. 59-453.
Chapter 550 referred to in the proviso is the statute governing and regulating dog and horse racing. Chapter 551 referred to in the proviso is the statute governing and regulating frontons.
The Respondents contend that the quoted proviso should not be construed to preclude *208 the location of pari-mutuel pools of fron-tons in the physical plants of frontons within fifty miles of a dog or horse racing plant location or another fronton. They point out Applicant has indicated to the Commission it has no intention of requesting exhibition dates that would be concurrent with Relator’s dog racing dates. Therefore, Respondents contend that if Relator is not conducting dog racing at its physical plant location simultaneously with the conduct of jai alai at Applicant’s fron-ton location there would he no violation of the quoted proviso of F.S. Section 551.12, F.S.A.
We disagree with Respondents’ construction of the proviso. Its language plainly means that no jai alia fronton permit shall be issued to establish a new fron-ton at a new location within fifty miles of another location where pari-mutuel pools have been authorized under Chapter 550 or Chapter 551. The language in the proviso, at a “location where pari-mutuel pools are conducted under chapter 550 or 551,” does not mean that the mileage limitation only applies during the periods pari-mutuel pools are being conducted at existing dog or horse tracks or other frontons. The mileage limitation has reference to distances between locations of physical plants of racing establishments or frontons and not merely to distances between pari-mutuel pools when they are being conducted. The language referring to “pari-mutuel pools [that] are conducted under chapter 550 or 551” cannot be read out of context with the proviso as a whole which clearly relates to distances between locations.
Other contentions of Respondents that mandamus does not lie in the instant situation appear to be unfounded. See State ex rel. West Flagler Amusement Co. Inc. v. Rose et al., 122 Fla. 227, 165 So. 60; State ex rel. Pinellas Kennel Club, Inc. v. State Racing Commission, 116 Fla. 143, 156 So. 317; State ex rel. Flagler County Kennel Club, Inc. v. Jones et al. (Fla.), 60 So.2d 760; Florida State Racing Commission et al. v. McLaughlin et al. (Fla.), 102 So.2d 574, and Solomon v. Sanitarians Registration Board (Fla.), 155 So.2d 353.
The motion for peremptory writ notwithstanding the return and motion to quash is granted.
It is so ordered.
THOMAS, Acting C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.

. This is the description of the site for the proposed location of the fronton.