O’CONNELL, Justice.
Gandy Operating Company, Inc. is the holder of two permits to operate a jai-alai fronton at 5125 Dale Mabry Highway, Tampa, Florida. One permit was issued Gandy on July 12, 1952, the second was issued August 22, 1966. Under the first of said permits the respondents granted Gandy the right to operate its fronton from December 26, 1966 through May 2, 1967. Under the second permit respondents granted Gandy the right to operate from May 6 through September 4, 1967. The operating dates total 213 days in the twelve months period ensuing after December 26, 1966.
In its petition for writ of mandamus the relator, a holder and user of a permit to operate dog racing in Hillsborough County, asks us to command the respondents to revoke and rescind its action taken in issuing the second permit issued August 22, 1966 and the action taken granting operating dates for the period May 6 through September 4, 1967. The relator does not question the propriety of the permit issued in 1952 or the operating dates assigned consequent thereto.
The issuance of the alternative writ was not opposed by the respondents who have made return thereto and also filed their motion to quash.
Respondents argue that mandamus is not the proper remedy and that Gandy is a necessary party. Neither argument has merit. In State ex rel. Pensacola Greyhound Racing, Inc. v. Lechner, et al., Fla.1967, 195 So.2d 206, a case involving similar but not identical issues we granted the peremptory writ of mandamus and we did not require the holder of the disputed permit to be made a party.
 The invalidity of the respondents’ action in granting to Gandy the second permit and related operating days is so obvious as to require little discussion. F.S. Section 550.291, F.S.A., commands that the respondent commission grant no more than one hundred and five days of operation to any one greyhound, harness or jai-alai per-mittee. While it may be, as respondents contend, that the relevant statutes do not expressly prohibit the issuance of more than one permit for use at the same fronton, *514 we think it is apparent that such was the legislative intent. The legislature clearly intended to limit the number of days of pari-mutuel wagering at each of the locations, tracks or frontons, at which it is permitted. This vital part of the whole statutory design would be nullified if what was attempted here were to be sanctioned. See ex rel. Volusia Jai-Alai, Inc. v. Ring, Fla.1960, 122 So.2d 4.
Notwithstanding the return and the motion to quash the peremptory writ of mandamus is granted.
It is so ordered.
THORNAL, C. J., and DREW, CALDWELL and ERVIN, JJ., concur.