245 So.2d 625 (1971)
HIALEAH RACE COURSE, INC., and Tropical Park, Inc., Appellants,
v.
GULFSTREAM PARK RACING ASSOCIATION, Inc., a Florida Corporation, and Florida State Racing Commission, a State Agency, et al., Appellees.
No. 39353.
Supreme Court of Florida.
February 25, 1971.
Rehearing Denied April 8, 1971.
*626 Peeples, Smith & Moore, Tallahassee, and Miller Walton, of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellants.
Thompson, Wadsworth & Messer, Tallahassee, and Landefeld & Romanik, Hollywood, for Gulfstream Park Racing Assn., Inc.
Robert L. Hesse, Sarasota, for Florida State Racing Comm.
ROBERTS, Chief Justice.
This cause is before the Court on a direct appeal from a judgment of the trial court declaring unconstitutional, on due process and equal protection grounds, Section 550.081, Florida Statutes, F.S.A. We have jurisdiction of the appeal under Section 4, Article V, Florida Constitution, F.S.A.
*627 Section 550.081, supra, was adopted in 1947 as Chapter 23728, Laws of Florida, Acts of 1947, for the purpose of withdrawing from the State Racing Commission its discretionary power to fix each year the racing dates among the three horse racing tracks located in Dade and Broward Counties. The formula prescribed by the statute for the fixing of racing dates, in lieu of the discretionary power formerly reposed in the Commission, was to divide the 120-day racing season into three 40-day periods and to allocate to the horse track producing the largest amount of tax revenue during the preceding year the right to operate during the racing period of its choice. The track producing the next highest tax revenue has the next choice, with the least desirable period going to the track having the least tax revenue. The record shows that, at the time of the adoption of the statute, the appellant Hialeah Race Course, Inc. ("Hialeah" hereafter) had produced the most revenue in the preceding year. Consequently Hialeah had the right to and did select that was then  and apparently still is  the most desirable racing dates, namely, the middle 40-day period. It has continued to do so in each succeeding year to date  some 20-odd years.
Shortly after the enactment of Section 550.081, supra, Gulfstream Park Racing Association, Inc., who is the plaintiff-appellee here, filed suit to contest the validity of the statute on due process and equal protection grounds, among others, naming Hialeah as a defendant. Hialeah filed a motion to dismiss the complaint, which was denied by the trial court. On certiorari to review the order denying the motion to dismiss, a majority of this Court (with Justice Thomas and the late Justices Terrell and Sebring dissenting) held that the statute "is not unconstitutional per se" and that the complaint failed to allege facts sufficient to show a violation of Gulfstream's rights "when the provisions of the act are complied with and abided by." The order of the trial court was, accordingly, quashed and the suit dismissed. See Hialeah Race Course v. Gulfstream Park Racing Ass'n, Fla. 1948, 37 So.2d 692.
The instant suit represents a second attack by Gulfstream on the validity of Section 550.081, supra. Its complaint alleged seventeen changes in the factual situation since the former decision of this Court was rendered some 20-odd years ago, and renewed the attack on the statute on equal protection and due process grounds. The sufficiency of the complaint was upheld by the trial court on motion to dismiss filed by Hialeah, and by the Fourth District Court of Appeal on interlocutory appeal from the order denying the motion to dismiss. See Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., Fla.App. 1968, 210 So.2d 750. Upon remand of the cause for trial, the trial court heard the evidence on the issues made by the pleadings, found that Gulfstream had proved the allegations of its complaint, and, as noted above, struck down the statute as a denial of equal protection and due process of law. This appeal followed.
We will first consider Hialeah's assignment of error relating to the defense of resjudicata, since this contention would be decisive of the cause if sustained. This defense was one of the grounds for Hialeah's motion to dismiss the complaint in the instant suit; and the question of its sufficiency was presented to and argued before the appellate court in the interlocutory appeal referred to above. The appellate court dealt with it clearly and succinctly and, we think, correctly. It said (210 So.2d at page 753):
"The complaint delineates and alleges approximately seventeen changes of fact and circumstances that have resulted since the enactment of F.S. § 550.081, F.S.A., alleging that the plaintiff, Gulfstream Park Racing Association, Inc., has a physical plant, facilities, racing program and quality of racing which is or could be competitive with Hialeah and on comparable racing dates Gulfstream could attract at least an equal number of spectators and could handle and produce *628 at least an equal amount of pari-mutuel wagering and at least an equal amount of tax revenue to the State of Florida if it were given the opportunity to run its racing program during the so-called `middle dates'; that in each year since the enactment of F.S. § 550.081, F.S.A., Hialeah has chosen the middle dates as its racing period and has continued to reap the benefits therefrom, always producing the largest amount of tax revenue for the state giving it the first preference in the selection of racing dates for the next year; that by reason of this perpetuation of Hialeah's position Gulfstream is being denied equal protection under the law because it is an entity in the same class as Hialeah and similarly situated;
* * * * * *
"Case law abounds to the proposition that the rule of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, or more correctly speaking, at the time the issues in the first action were made, and to the legal rights and relations of the parties as fixed by the facts determined by that judgment. When other facts or conditions intervene before the second suit, furnishing a new basis for the claims and defenses of the respective parties, the issues are no longer the same and the former judgment cannot be pleaded in bar of the second action."
Hialeah contends, however, that all but two of the alleged "changed conditions" relied upon by Gulfstream were immaterial, insubstantial and insufficient to alter the legal rights or relations of the litigants, and that these two were not proved at the trial of the cause. The absence of proof to sustain these two allegations is the subject of the first point presented and argued by Hialeah on this appeal. As noted in our discussion of this point, infra, the record contains evidence sufficient to support the finding of the trial judge that Gulfstream "has proven the allegations of its complaint and that the changed conditions thereby proven have eliminated the 1948 decision of the Supreme Court from operating as an estoppel." Accordingly, we find no error in the trial court's disposition of Hialeah's defense of res judicata.
The two allegations of changed conditions that Hialeah contends were not proved by Gulfstream are that, if given the best racing dates, Gulfstream could produce "at least an equal amount of tax revenue to the State of Florida," and that it had facilities "to protect the revenue of the state." It is argued that the only proof of these allegations is the unsupported statement of "belief" by Gulfstream's president. Counsel overlooks the fact that this statement was based on evidence showing that Gulfstream now has facilities comparable to those of Hialeah and that the factors producing the most revenue to the state from horse racing are "more abundantly favorable during the running of the second established racing period," to quote the finding of the trial judge in this respect. In these circumstances, the statement of Gulfstream's president was more than mere speculation and conjecture, as contended by Hialeah; and we think the trial judge had the right to find, from a consideration of the evidence as a whole, that Gulfstream had proved these as well as other allegations of "changed conditions" set forth in its complaint.
Hialeah then argues that, even if it be assumed that the question of the statute's validity is not res judicata, the statute is a reasonable and non-discriminatory exercise of the police power and does not deny due process or equal protection to Gulfstream. In support of its contention it argues that Gulfstream and Hialeah are not similarly situated; and, even if they were, the statute is valid because it does not unduly prejudice Gulfstream nor unduly discriminate in favor of Hialeah. We are unable to find in the decisions cited by Hialeah any statements indicating that a statute may be prejudicial or discriminatory in varying degrees  that a statute that is *629 only a little bit prejudicial or discriminatory is any different from any other prejudicial or discriminatory statute. In State ex rel. West Flagler Amusement Co. v. Rose, 1935, 122 Fla. 227, 165 So. 60, cited by Hialeah, the Court's use of the term "undue discrimination" is clarified by its holding that the state racing commission must apportion the racing dates of dog tracks so as to afford to each licensee "a substantially equal opportunity for the beneficial enjoyment of its permit and the realization of its permit opportunities." 165 So. at page 63. This case is not, therefore, authority for the proposition that one permit holder may be given a special privilege that, in effect, amounts to a discrimination against other permit holders.
But, argues Hialeah, Gulfstream has an equal opportunity with Hialeah to become the largest producer of tax revenues and thus to be able to select the choice racing dates; and that, since an equal opportunity exists, the statute does not "unduly prejudice" Gulfstream nor "unduly discriminate" in favor of Hialeah. Cited in support of this contention is Biscayne Kennel Club, Inc. v. Florida State Racing Commission, Fla. 1964, 165 So.2d 762, in which the Court upheld a statute providing for the transfer of existing racing permits for harness racing under certain conditions. The Court said that some counties "may reasonably be expected" to come within the classification made by the statute. Also cited was Williams v. Newton, Fla. 1970, 236 So.2d 98, upholding the Financial Responsibility Law, Chapter 324, Florida Statutes, as against the contention that it favored the rich over the poor. The Court said that the equality of the Constitution "is the equality of right, and not of enjoyment," and that "those who cannot afford to possess automobiles are as little able to enjoy the opportunity of driving on the public highways as those who cannot afford insurance or security."
Unquestionably, state revenue is one of the prime factors for permission of pari mutuel wagering in this state, however, the fallacy of this argument here is that the "equality of opportunity" is more apparent than real. There is nothing in the record to indicate that any track except Hialeah "may reasonably be expected" to exceed the revenue produced by Hialeah, so long as Hialeah has the advantage of the prime racing dates. The trial judge found that the statute has the effect of granting and perpetuating to Hialeah "an unconscionable advantage" in the selection of racing dates and of denying to other persons "similarly circumstanced the right to participate in the business of horse racing on any basis equal to or in excess of the privilege granted to Hialeah." We agree. We can only conclude, as did the trial court, that the statute in question has the effect of denying to Gulfstream equal protection and due process of law. Cf. Fronton, Inc. v. Florida State Racing Commission, Fla. 1955, 82 So.2d 520. See also: Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company, Fla. 1965, 175 So.2d 39.
We have considered the other contentions made here by Hialeah and have found nothing to require a reversal of the trial court's judgment. The plea of estoppel based upon the contention that, having accepted the benefits of the act, Gulfstream may not now attack it, is obviously without merit under the rule that the acceptance of the benefits of an act under compulsion will not preclude an attack upon the statute. See 16 Am.Jur.2d, Constitutional Law, Sec. 136, page 335. The contention that to declare the act unconstitutional is a judicial encroachment upon the legislative process is likewise without merit. We are not persuaded that the continued enactment by the Legislature of an unconstitutional statute has the effect of validating it.
The basic effect of our decision is to restore to the State Racing Commission and other appropriate authorities the discretionary power to assign the racing dates among the horse tracks located in Dade and Broward Counties in the next and succeeding racing years in the manner provided *630 by law, unaffected by voided Section 550.081, Florida Statutes, F.S.A.
Finding no error in the judgment here reviewed, it is hereby
Affirmed.
ERVIN, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
CARLTON and ADKINS, JJ., dissent and concur with BOYD, J.
BOYD, Justice (dissenting):
The validity of Florida Statutes § 550.081 was upheld by this Court in Hialeah Race Course v. Gulfstream Park Racing Ass'n.[1] The United States Supreme Court at that time, dismissed the appeal for want of a substantial Federal question.[2] If the law was constitutional in 1948, it still is. The statute has not changed and the record contains no facts which the Court could not have reasonably anticipated at that time.
In the 1948 Hialeah Race Course case, this Court stated:[3]
"The state has become pecuniarily interested in racing because of the revenue from the pari-mutuel (sic) betting. Authorized gambling is a matter over which the state may exercise greater control and exercise its police power in a more arbitrary manner because of the noxious qualities of the enterprise as distinguished from those enterprises not affected with a public interest and those enterprises over which the exercise of the police power is not so essential for the public welfare."
No appellate court should reverse its prior decisions relating to the same questions of law and fact without strong and compelling reasons. Such reasons do not exist here.
Florida Statutes § 550.081 was enacted by the Florida Legislature in 1947 and has been re-enacted at each general session since that time. The urgent need of tax money from parimutual gambling has been a matter of concern to the Legislature and the fixing of racing dates and procedures should be handled by the Legislature. If a change in the law is required, the Legislature should change it. I am not persuaded that the record justifies action at this time by this Court.
I must respectfully dissent.
CARLTON and ADKINS, JJ., concur.
NOTES
[1] 37 So.2d 692 (Fla. 1948).
[2] Gulfstream Park Racing Association v. Hialeah Race Course, 336 U.S. 948, 69 S.Ct. 885, 93 L.Ed. 1104 (1949).
[3] 37 So.2d 692, 694 (Fla. 1948).