DEKLE, Justice
(concurring in part and dissenting in part).
I concur with the judgment of the Court Miami Beach, but I cannot accept the inequity to Biscayne in relegating it solely to the least desirable winter dates for dog racing in Dade County (when it was found by the Board to be comparable to Flagler) and extending to Flagler “the lion’s share” by giving to it the entire, lucrative summer dates, including the prime holidays of July 4 and Labor Day for 1972, without any special equity appearing or reason justifying such ’special treatment, at the expense of the other equally competent track.
We have held that in prescribing racing dates that the awarding authority is “subject only to the requirement that dates and days shall be apportioned on a fair and equitable basis." [1]
The effect of our opinion is exactly to reverse the former Division’s awards and to give Flagler “Biscayne’s” dates! Even in the Board’s order under review here, Biscayne had been granted “half a loaf” in being awarded one-half of the summer *861 as one of its “split-meets.” This opinion takes even this away and relegates Biscayne to a completely inequitable position. This violates not only my sense of justice but is contrary to the principles and criteria which this Court has announced to be followed in such matters.[2]
The evidence amply supported making a division of dates which would now grant to each track some of the better and some of the less desirable dates available, for a more equitable result and one consonant with the applicable criteria.
The idea put forward by the Board of obtaining comparison performances by the comparable tracks of Flagler and Biscayne is an admirable suggestion but one which is fraught with the difficulties of obtaining a true and reliable statistical comparison which will attain the desired objectives of fair comparative figures on revenue produced, volume and attendance records, etc. Hardly any two periods of time, particularly in a community of varying activity like Dade County, are ever alike and therefore are not likely to afford a fair comparison. For example, it has just been announced that one of the largest national conventions will be held there in one of the years involved (1972) when the majority opinion has provided that summer period for Flagler. This will obviously be one of the largest attendance and betting results on record for a track, in light of the thousands of persons in the area who will be interested in recreation of this type, novel to many of them from other areas of the country and therefore likely to attract their participation. Of course an effort would probably be made to weigh such matters in the considerations of the 1973 summer dates of Biscayne, but this seems an insurmountable task which cannot afford a fair result because of the conjecture built into such a situation. This is all the more reason to grant equitable dates now, which the majority has indicated for the future, without awaiting two “test” seasons which cannot be helpful and will only present again the imponderables presented in this litigation — and which were presented in the litigation before that.
There are many other factors beside plant and management which would affect the “test” results which have been hit upon in the struggle for a solution to this perennial dilemma. These include the economic conditions prevailing in that particular year over the country, which we all know fluctuate from year to year; the type of weather in the season involved; the success or not of the tourist season in the area; and the omnipresence in Dade County of varying public events of interest and promotional activities there.
From this remainder of the opinion, I therefore respectfully dissent.
ROBERTS, C. J., concurs.

. State ex rel. Broward County Kennel Club, Inc. v. Rose, 126 Fla. 288, 170 So. 710 (1936) ; quoted in West Flagler Associates, Ltd. v. Board of Business Regulation, 241 So.2d 369, 375 (Fla.1970).

. West Flagler Associates, Ltd. v. Board of Business Regulation, 241 So.2d 369 (Fla.1970), and State ex rel. West Flagler Kennel Club, Inc. v. Florida State Racing Commission, 74 So.2d 691 Fla.1954).