BARFIELD, Judge.
The employer/carrier appeal the final workers’ compensation order awarding remedial medical care, temporary total disability from 12-29-83 to 2-12-84 and wage loss from 2-13-84'to 3-30-84. Appellants argue that the finding of maximum medical improvement in an earlier order established that date as law of the case and the deputy erred in finding maximum medical improvement at a later date.
Claimant was injured in a work-related accident on May 21, 1981. He sustained a deep laceration between the fourth and fifth fingers of his right hand. Following surgery, he developed reflex sympathetic dystrophy (RSD). The surgeon defined RSD as a situation that develops in a lower or upper extremity, where the sympathetic nervous system becomes the patient’s worst enemy. Normally the sympathetic nervous system helps heal the body. Occasionally, the sympathetic nervous system runs wild and causes an increase in pain, causes the extremity to be cold, hot and extremely painful. The skin becomes thin looking in a very advanced state and will get a slick feeling. Subsequent remedial medical treatment failed to cure the problem.
Following the hearing on the first claim, the deputy commissioner entered an order on November 17, 1983, finding that claimant reached maximum medical improvement in August or September, 1982, and that claimant’s wage loss claim should be denied because of an inadequate work search and because he failed to perform work offered to him by his former employer. That order was appealed and all provisions of that order pertinent to this appeal were affirmed. Hinds v. Orlando Concrete Contractors, 454 So.2d 81 (Fla. 1st DCA 1984).
While the appeal was pending, further activity transpired with respect to the claim. Claimant’s former boss had testified at the October 10, 1983 hearing that claimant was welcome to come back to work to perform “light duty” work. Claimant accepted the offer and worked October 18, 19 and 25. He was assigned to carrying various objects around the job site, most of which he accomplished left-handed. He also had some duties where he used his right hand. He later testified that the nights after he worked the hand was swollen and very painful and he was unable to sleep. He did not return to the employer again.
In January of 1984, claimant requested a hearing on his entitlement to temporary total disability benefits from December 29, 1983 until February 12, 1984, and wage *1274 loss from February 13, 1984 until March 30, 1984 and authorization for psychiatric care. A hearing was held on April 25, 1984. The evidence adduced at the hearing in April indicated that while the earlier claim dealt with physical disability and plaintiff had reached maximum medical improvement on that count, claimant is now suffering from psychiatric disorder resulting from the physical injury.
The deputy issued his order now on appeal on June 27, 1984. Although there is competent substantial evidence in the record to support each of the deputy’s findings concerning the physical and mental condition of the claimant, there are two issues which merit brief consideration.
The employer/carrier contend that the earlier finding that MMI had occurred in August or September, 1982 is a bar to any further consideration of maximum medical improvement by the deputy commissioner in this case. The employer/carrier’s theory is one of “law of the case.” That principle is that questions of law decided on appeal must govern the case in subsequent proceedings. 3 Fla.Jur.2d, Appellate Review, section 414 (1978). Even assuming the determination of MMI was a question of law, “law of the case” is inappropriate under these circumstances since the second order was rendered prior to this court’s opinion affirming the first order. A more appropriate defense would be estoppel by judgment, also referred to as collateral estoppel or issue preclusion, since the issue of MMI was actually raised and litigated between these parties in the initial hearing. However, we reject the argument under this theory as well inasmuch as the claim is for psychiatric disorder which was not diagnosed prior to the first hearing and the change in conditions between the hearings furnished a new basis for the claims and defenses of the parties. Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, 245 So.2d 625 (Fla.1971).
The second concern to us, although not raised by the parties, is that the order is internally inconsistent and requires clarification. In his order the deputy commissioner made no finding regarding MMI, yet he awarded wage loss benefits. Dr. Dow, whose testimony the deputy accepted, stated that claimant had not reached MMI. The deputy also awarded remedial care with Dr. Dow. Since remedial medical care can only be awarded before MMI, and wage loss benefits only after MMI, the order is obviously incorrect. It is possible that the deputy intended to award continuing temporary total disability or temporary partial disability benefits rather than wage loss, since he apparently accepted Dr. Dow’s conclusion that claimant had not reached MMI. While neither party has raised this patent mistake as error, we hold that it requires remand to allow the deputy to correct the error.
We find the other points urged by appellants as error to be without merit. Accordingly, the decision is AFFIRMED as to the points raised on appeal, but is REMANDED to the deputy commissioner for clarification consistent with this opinion.
MILLS and JOANOS, JJ., concur.