411 So.2d 1026 (1982)
JACK ECKERD CORPORATION and Travelers Insurance Co., Appellants,
v.
Clara B. COKER, Appellee.
No. AB-326.
District Court of Appeal of Florida, First District.
April 1, 1982.
*1027 H. George Kagan, of Miller, Hodges & Kagan, Miami, for appellants.
David H. Levine and Joseph C. Segor, Miami, for appellee.
PER CURIAM.
This workers' compensation appeal involves the employer/carrier's (E/C) appeal of an order awarding temporary total disability (TTD) benefits until the date of maximum medical improvement (MMI) and excusing the failure of the hospital and physician to file bills and medical reports. The claimant has also filed a cross-appeal challenging the constitutionality of § 440.15(3)(b)3.d, Florida Statutes (1980 Supp.).[1] For the reasons set forth below, we reverse on the issues presented by appellant and reject the cross-appeal for lack of standing.
Claimant was injured in a compensable accident on October 5, 1979, when she sustained a sudden pain upon rising from a crouched position. The pain continued, and claimant received permission to leave work early because of it. Later that night she was taken to the emergency room by ambulance and remained in the hospital for the next 18 days. Over the ensuing months, claimant was treated by several doctors. Neither the doctors nor the hospital ever filed medical reports as required by § 440.13, Florida Statutes (1979). On February 24, 1980, she was released for work, but was not rehired by the employer. Thereafter, she actively sought other employment, eventually finding a similar position.
A claim was filed March 20, 1980, to which the employer/carrier did not respond until June 12, 1980, when it filed a notice to controvert. In the order dated February 11, 1981, the deputy commissioner found that claimant was TTD from the date of the accident to July 2, 1980, which was also the date of MMI. He also found that the reason no authorized medical treatment had been provided was that the claim was controverted and he therefore ordered payment of the medical bills. The failure to file the reports was excused because "there has been no showing of any prejudice to the employer/carrier as a result of failure to file same, the claim was controverted in its entirety, and the employer/carrier has likewise failed in its responsibility to file a notice to controvert within specific time limitations." Finally, the deputy commissioner found that claimant was in excess of age 65 on the date of the accident and was therefore not entitled to wage loss benefits because of § 440.15(3)(b)3.d. But the deputy commissioner also held that he would have awarded those benefits to her if the statute had not precluded entitlement because of age.
We do not reach the merits of claimant's cross-appeal challenging the constitutionality of § 440.15(3)(b)3.d because claimant has not shown that she is adversely affected by the statute by proof that she meets all other requirements for that class of benefits. Acme Moving & Storage v. Mason, 167 So.2d 555 (Fla. 1964). In this case, the deputy commissioner stated that he would have awarded wage loss benefits but for the challenged statute. However, we find no proof of the necessary statutory conditions for award of such benefits to appellant. Under § 440.15(3)(b)1 and 2, Florida Statutes (1979), a claimant must suffer a specified decrease in earnings as a result of compensable injury before any wage loss benefits are due, because eligibility *1028 for such benefits is limited to "95 percent of the difference between 85 percent of the employee's [former] average monthly wage and the salary ... the employee is able to earn" after MMI. Here, the evidence does not indicate that claimant's current earnings are diminished in the amount required as a threshold for wage loss benefits. In addition claimant's testimony indicates that her current employment activities are comparable in every way to the work she was doing prior to her accident. Since claimant relies only on invalidity of the statutory age bar to prove her claim for wage loss after MMI under § 440.15(3)(b)3.d, we conclude she did not show that but for the bar she had a right to benefits, and we decline to determine the constitutionality issue for lack of standing on her part to present the point.
The employer/carrier's appeal challenges the order to pay hospital and doctor bills because the deputy's stated grounds, supra, for excusing authorization and reporting requirements do not constitute good cause. We find merit in this contention and conclude that the order reflects an abuse of discretion, based on consideration of the sequence of events shown by the record. Claimant concedes by brief here that "[i]t is apparent that the claimant, the hospital, nor the physicians initially realized that the injury might be compensable." Although hospitalization on an emergency basis may excuse initial authorization, we find no reasonable grounds here for excusing an apparent five-month delay in reporting treatment and claiming compensability. The argument is persuasive that this delay, and the absence of any reports which would permit monitoring or even provide notice of the treatment, prejudiced carrier's opportunity to evaluate the claim which it subsequently controverted. We therefore reverse this portion of the award.
The employer/carrier also appeals the award of temporary total disability compensation for the four month period after February 24, 1980, until the July 2, 1980 MMI date. The order finds that on February 24, 1980:
... Dr. Strehan gave her a note to return to work without mention of restriction. She then returned to the employer again and gave the new note from Dr. Strehan to her employer, however, was not rehired and was advised she had been taken off the payroll. At that time she began a good-faith work search to obtain employment similar to that which she had been doing for the employer herein prior to the accident which was part-time work. She had difficulty obtaining the work due to the fact that she was looking for part-time work, her age, physical limitations, back ground and experience, etc. She eventually obtained employment on August 1, 1980. It is my determination that but for the occurrence of the accident herein and its sequela the claimant would have continued with her employment with the employer herein and would not have suffered the loss of her wages from the time of the accident... .
Claimant's brief here expressly concedes that the record does not support the finding of temporary total disability after her physician's release, and does not argue the sufficiency of other evidence to support total disability compensation after this time. We therefore consider, on the issue of temporary total compensation, only claimant's argument that the record indicates a later release date, and because we conclude that the order, above quoted, correctly found an unrestricted release four months after October 24, 1979, total disability benefits should not have been awarded after that date. The order in this respect is therefore reversed.
In support of the additional contention by claimant that temporary partial disability after release should be determined on remand, we are referred to evidence that her physician's medical restrictions limited her periods of standing and walking, and that she was fired when she returned to her former employer. The order above quoted also finds that the failure of her good faith work search was due to her physical limitations in conjunction with other factors; that at the time temporary benefits terminated *1029 she had a 15% physical impairment; and "but for ... the accident and its sequela the claimant would have continued with ... the employer herein and would not have suffered the loss of her wages... ." Although carrier correctly notes that the claim in this case was for temporary total and not partial disability compensation, we find no reason in the circumstances of this case to believe that fact would preclude, on due process or other grounds, the consideration of whether temporary partial compensation may be supported by the proofs submitted. Farm Stores v. Dryda, 384 So.2d 269 (Fla.1st DCA 1980). We accordingly remand for that determination on the existing record.
The order is reversed in part, affirmed in part, and remanded for further proceedings consistent herewith.
MILLS, WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] Since the date of accident was October 5, 1979, the controlling statute is the 1979 law. 79-312, § 8 Laws of Fla. Arguably, at least, there is a notable difference between the 1979 statute and the 1980 amendment. However, we need not consider this point for the reasons set forth in this opinion.