418 So.2d 1099 (1982)
Walter Nevin ACTON, II, Appellant,
v.
FT. LAUDERDALE HOSPITAL and the Insurance Company of North America, Appellees.
No. XX-129.
District Court of Appeal of Florida, First District.
August 9, 1982.
Rehearing Denied September 23, 1982.
*1100 Frank E. Maloney, Jr., MacClenny, for appellant.
Michael H. Lax of Lax & Evans, and Steven P. Kronenberg of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
David M. Redstone, Tallahassee, John D. Rawls, Jacksonville, Robert B. Scharf of Digiulian, Spellacy & Dichiara, Dennis M. Usdan of Nolan & Usdan, Fort Lauderdale, Richard A. Sicking of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro, Miami, David L. Kahn of Kahn & Gustafson, Fort Lauderdale, Mary Ann Stiles of Deschler, Reed & Critchfield, Boca Raton, Joseph A. Linnehan, Joseph C. Jacobs and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, John M. Abramson of Feldman, Abramson, Smith, Magidson & Levy, Miami, amici curiae.
MILLS, Judge.
The issue raised by this appeal is whether Section 440.15(3)(a) and (b), Florida Statutes (1981), is unconstitutional because it denies injured workers equal protection and access to the courts guaranteed by Article I, Sections 2 and 21 of the Florida Constitution (1968), and United States Constitution Amendment XIV, Section 1. Section 440.15(3)(a) and (b) is constitutional under both the State and Federal Constitutions.
This appeal is from a workers' compensation order finding that the 25 percent permanent partial disability assigned to Acton's left lower extremity did not qualify him for permanent impairment benefits under subsection (a), which limits benefits to amputations, 80% or more vision loss, or serious head or facial disfigurement, nor was he entitled to wage loss benefits under subsection (b) because he was earning more wages after the accident than he was earning before the accident.
Acton urges that we restore the common law remedies to workers who suffer permanent injuries, arguing that with the adoption of the comparative negligence rule by the Supreme Court of Florida there is no need for this provision of the Workers' Compensation Act.
Prior to the 1979 amendments to the Workers' Compensation Act, Section 440.15(3), Florida Statutes (1977), provided for the payment of permanent partial disability benefits based on a schedule of specified injuries and on the estimated degree of physical impairment or wage earning capacity. The 1979 amendments deleted these provisions and substituted permanent impairment benefits and wage loss benefits.

Equal Protection
Acton's argument that the compensation law impermissably distinguishes between those injured employees who do not suffer wage loss and those who do is without merit. If a classification is based on some reasonable basis, if it bears a relationship to a legitimate state purpose, then equal protection is not offended, Carr v. Central Florida Aluminum Products, 402 So.2d 565 (Fla. 1st DCA 1981). The purpose of Florida's return to wage loss has been explained as:
The wage-loss system, adopted by the new law, is thus a return to the basic philosophy underlying workers' compensation. Through this change, an attempt is being made to provide equity in compensation; reduce subjectivity in determining compensation; reduce the need for attorney involvement and litigation; reduce "doctor shopping" to obtain higher impairment ratings; provide an incentive for injured workers to return to work; and provide an incentive for employers to provide rehabilitation. Florida is the first state to adopt a comprehensive wage-loss system which substitutes wage-loss and impairment benefits for the injury schedule and diminution of wage-earning capacity.
Sadowski, Herzog, Butler and Gokel, The 1979 Workers' Compensation Reform: Back to Basics, 7 FSU L. Rev. 641, 652-3 (1975). These are clearly legitimate state interests reasonably furthered by the compensation law, Carr, supra.
One of the amicus curiae seeks to raise the constitutionality of Section 440.15(3)(b) *1101 3 d. Amici do not have standing to raise issues not available to the parties, nor may they inject issues not raised by the parties. Keating v. State, 157 So.2d 567 (Fla. 1st DCA 1963). Acton has no standing on this issue, Eckerd Corp. v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982) [7 FLW 731], and has not raised this issue.

Access to Courts
Workers' compensation is a classic example of a statute which terminated common law remedy, but replaced it with a more efficient, if not as potentially lucrative, remedy and is therefore constitutional. Kluger v. White, 281 So.2d 1, 4 (Fla. 1973). The legislature may not abolish common law or statutory rights without providing some alternative unless there is an overpowering public necessity to do so, Kluger, supra.
Acton argues that the replacement offered for his common law remedy is not in any sense better. This would have been frivolous prior to Florida's adoption of comparative negligence. Common law tort actions were notorious for their inadequacy in an industrial society, primarily because of the defenses of contributory negligence, assumption of the risk, and fellow employee negligence. See Larson. The Wage Loss Principle in Workers' Compensation, 6 William Mitchell L. Rev. 501; Sadowski, Workers' Compensation Reform, supra.
While the adoption of comparative negligence has improved the ability of the tort system to handle industrial accidents, there are still important advantages to the workers' compensation system, and the 1979 amendments were designed to enhance these. Workers' compensation provides a more certain, although not as lucrative, payment to the injured worker. Litigation expenses, including those borne by the claimant are reduced by the administrative handling of claims. Litigation delays are also reduced. The cost of inevitable injury is spread throughout the industry. The employee is further benefited by not having any recoverable damages reduced by the proportionate fault of the employee. Certainty and efficiency are given in exchange for potential recovery. This satisfies the requirements of Article I, Section 21, Florida Constitution.
We, therefore, hold that Section 440.15(3)(a) and (b), Florida Statutes (1981), does not violate the equal protection and access to courts guarantees of the Florida and United States Constitutions.
SHAW and JOANOS, JJ., concur.