MILLS, Judge.
The facts are not in dispute in this workers’ compensation appeal. Noel, while working with a noisy piece of machinery on 12 February 1980, sustained a hearing loss which the deputy commissioner found to be a 32% loss in each ear. Noel did not prove or even claim that any wage loss resulted from this injury. The deputy commissioner ruled that Noel’s claim for permanent partial disability benefits was not compensable under Section 440.15(3), Florida Statutes (1979). We affirm.
Noel first contends that because his claim would have been compensable under Section 440.15(3)(m), Florida Statutes (1977), the denial of benefits under the 1979 amendments to the Workers’ Compensation Act deprives him of his rights of due process and equal protection. We disagree. Acton v. Ft. Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982). Nor does the 1979 Act deny Noel access to the courts under Article I, Section 21 of the Florida Constitution. Acton, id.
Noel also contends that he is entitled to seek a common law tort remedy against his employer. This argument is likewise without merit. Section 440.11, Florida Statutes (1979).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.