426 So.2d 1120 (1983)
Luis ACOSTA, Appellant,
v.
KRACO, INC., and Corporate Group Services, Appellees.
No. AI-429.
District Court of Appeal of Florida, First District.
February 3, 1983.
Rehearing Denied March 1, 1983.
Richard A. Sadow of Sadow, Lynne & Gonzalez, North Miami, for appellant.
*1121 Steven Kronenberg of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
THOMPSON, Judge.
This is an appeal from a compensation order denying wage loss benefits on the ground that the claimant is more than 65 years old. The claimant contends that § 440.15(3)(b)3.d., Fla. Stat. (1979), requiring the termination of wage loss benefits when a claimant reaches age 65 is unconstitutional.
The claimant sustained a compensable injury to his back on April 16, 1980. He had already reached the age of 65 at the time he was injured. On September 4, 1980, his physician found that he had reached maximum medical improvement with a six percent permanent impairment of the body as a whole based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).
At a hearing on the claim for wage loss benefits, the deputy found that "[t]he Claimant, due to his permanent impairment, meets the threshold requirements for wage loss benefits, but I specifically find that the Claimant is not entitled to wage loss benefits since he is age 68 and Section 440.15(3)(b)(3)(d), Florida Statutes, 1979 proscribes the granting of such benefits, when the injured employee reaches age 65... ." The Deputy Commissioner did not find that the claimant would be entitled to wage loss benefits if he had not already reached age 65. The deputy merely found that the claimant had reached the threshold requirement for entitlement to wage loss benefits, in that he did sustain permanent impairment according to the AMA Guides. There was no determination of whether there was an actual wage loss or whether the work search was sufficient, and no finding that the claimant would be entitled to wage loss benefits but for the provisions of § 440.15(3)(b)3.d.
The claimant has no standing to raise the constitutionality of the statute since he failed to prove that but for the statute he would be eligible for wage loss benefits. Robbins v. Rophie Shoes, Inc., 413 So.2d 839 (Fla. 1st DCA 1982).
Reversed and remanded for further proceedings consistent with this opinion.
SHIVERS, J., concurs.
ROBERT P. SMITH, Jr., C.J., dissents without opinion.