JOANOS, Judge.
This is an appeal from a deputy commissioner’s order dated November 17, 1981, finding that claimant, a 68 year old woman, is not entitled to wage loss benefits or to an award based on permanent total disability. Having reviewed the supplemental record, order, and briefs in addition to the original record, order, and briefs, we affirm the denial of wage loss and PTD benefits.
On September 8, 1980, claimant fell and injured her right elbow and left wrist while working part-time at an airport gift shop. She was 67 years old at the time of her injury and had been receiving Social Security retirement benefits for several years. Dr. Greenwood, the treating physician, released claimant as having reached MMI on October 31, 1980. The right elbow did not cause any disability, but there was a problem with the left wrist “at least on a subjective basis,” according to Dr. Greenwood. His opinion that she had a five percent disability of the body as a whole was not based on the AMA Guides, but was “a reflection of my belief in simply the subjective limitations that are imposed on this woman and what that could be translated into in terms of job capability, but there is no way I have of deciding whether or not she has limited motion, which is the standard most guides appear to use for determining disability ... . ” An examining physician, Dr. Crist opined that at the time he examined her, claimant had a 20% loss of range of motion in the wrist, but he could not say how much of this loss was attributable to a pre-existing condition, and at the time he assessed the loss of range of motion, Dr. Crist did not think claimant had reached maximum medical improvement. On being informed of Dr. Crist’s assessment of 20% loss of range of motion and presented with a copy of the Guides, Dr. Greenwood said this would translate into a 6-7% permanent impairment of the body as a whole under the Guides.
We affirm the deputy commissioner’s order, and in the process, decline to pass upon a constitutional issue raised as to the validity of Section 440.15(3)(b) 3.d. Florida Statutes (1980), which terminates the right to wage-loss benefits “[w]hen the injured employee reaches age 65 and becomes eligible for benefits under 42 U.S.C. §§ 402 and 405; whichever comes first.” No predicate is established for an award of wage-loss benefits notwithstanding the age limitation because the existence of a permanent im *419 pairment under the AMA Guides as the result of the industrial accident has not been established. See Acosta v. Kraco, Inc., 426 So.2d 1120 (Fla. 1st DCA 1983); Robbins v. Rophie Shoes, Inc., 413 So.2d 839 (Fla. 1st DCA 1982); Jack Eckerd Corp. v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982). The translation by Dr. Greenwood of the 20% loss of range of motion given by Dr. Crist could not establish the existence of the requisite permanent impairment, because Dr. Crist, who examined claimant once, did not at the time of his examination believe claimant had reached maximum medical improvement, thus his assessment was premature.[1]
The finding that claimant is not entitled to permanent total disability benefits is supported by competent substantial evidence.
AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.

. This case does not fall within an exception to the mandatory use of the AMA Guides “such as when the permanent impairment is obviously visible and demonstrable to the deputy such as the loss of an arm or when the particular injury was not covered in the guides,” see Paradise Fruit Co. v. Floyd, 425 So.2d 9 (Fla. 1st DCA 1982); Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). In the order appealed, the deputy stated that at the hearing, claimant appeared to have full range of motion of the wrist. Also, an injury to the wrist resulting in loss of range of motion is covered by Chapter One of the AMA Guides. Dr. Crist acknowledged that this type of injury is covered by the Guide. There is no competent substantial evidence of a permanent impairment which is attributable to the industrial accident.