433 So.2d 1230 (1983)
John S. MORROW, Appellant,
v.
AMCON CONCRETE, INC. and Michigan Mutual Insurance, Appellees.
No. AK-424.
District Court of Appeal of Florida, First District.
June 15, 1983.
Rehearing Denied July 26, 1983.
*1231 Scott B. Gorman of Morris & Rosen, P.A., Tampa, for appellant.
Maureen Emmet-Miller and Peter H. Dubbeld of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellees.
ROBERT P. SMITH, Jr., Chief Judge.
Morrow appeals from a deputy commissioner's order finding that after Morrow reached age 62, the employer and carrier were entitled under section 440.15(3)(b)4, Florida Statutes (1979), to reduce by half the permanent wage-loss benefits otherwise payable. Injured in a compensable accident in December 1979, Morrow reached maximum medical improvement in August 1980 and, despite a permanent physical impairment, returned to work at reduced wages. The deputy rejected Morrow's contention that the provision for offsetting Morrow's social security retirement benefits against the wage-loss benefits otherwise payable is nullified by another Florida statute, and approved the offset for social security retirement benefits received without passing on Morrow's constitutional questions. We affirm the deputy's order and, in doing so, reject the constitutional challenge.
Section 440.15(3)(b)4 provides:
When the injured employee reaches age 62, wage-loss benefits shall be reduced by the total amount of social security retirement benefits which the employee is receiving, not to exceed 50 percent of the employee's wage-loss benefits.
Because the record discloses that the employer and carrier have in fact been reducing, by 50 percent, the permanent wage-loss benefits otherwise payable to Morrow since his 62nd birthday in May 1981, Morrow has standing to urge the contentions that he does. Compare Acosta v. Kraco, Inc., 426 So.2d 1120 (Fla. 1st DCA 1983); Acton v. Fort Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982); Robbins v. Rophie Shoes, Inc., 413 So.2d 839 (Fla. 1st DCA 1982); Jack Eckerd Corp. v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982).
We first take up Morrow's contention that the reduction in wage-loss benefits authorized by section 440.15(3)(b)4 is in conflict with, or rendered inapplicable by, section 440.15(10)(a), Florida Statutes (1979), which is set out below.[1] The latter statute provides that, except when the claimant is age 62 or older, chapter 440 compensation to one who is also eligible for benefits under 42 U.S.C. § 423 shall be reduced, so that the total sum payable "to the employee and his dependents" under chapter 440 and, had the employee not been entitled to chapter 440 benefits, under 42 U.S.C. §§ 423 and 402, "does not exceed 80 percent of the employee's average weekly wage." Sec. 440.15(10)(a). The qualifying language in section 440.15(10)(a), which Morrow relies on to nullify the setoff prescribed by section 440.15(3)(b)4, concludes with this sentence:
This reduction of compensation benefits shall not be applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years.
Sec. 440.15(10)(a).
The title to section 440.15(10) refers to "EMPLOYEE ELIGIBLE FOR BENEFITS UNDER THIS CHAPTER [440] AND FEDERAL *1232 OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE ACT." Thus Morrow urges that the title's reference to "OLD-AGE" and the text's unqualified reference to 42 U.S.C. § 402, entitled "Old-age and survivors insurance benefits," define the scope of the qualification made by the concluding sentence of section 440.15(10)(a). Those references then cancel, so Morrow argues, the reduction in chapter 440 benefits authorized either by section 440.15(3)(b)4 or section 440.15(10)(a) if the claimant is, at age 62 or beyond, receiving either social security retirement benefits or social security disability benefits in addition to chapter 440 wage-loss benefits. Any conflict in the statutes, Morrow argues, should be resolved in the injured worker's favor.
We agree with the deputy that there is no conflict in the statutes and that the concluding sentence of section 440.15(10)(a) does not restore to wage-loss claimants over age 62 the reduction specified by section 440.15(3)(b)4. The reduction in Morrow's wage-loss benefits required by section 440.15(3)(b)4 is keyed to his receipt of social security retirement benefits payable under 42 U.S.C. § 402. On the other hand, section 440.15(10)(a), containing the sentence relied on to cancel that reduction, pertains not to retirement but to social security disability benefits.
In effect, 42 U.S.C. § 424a places a cap on the amount a disabled worker and his family may receive in state workers' compensation benefits, social security disability payments under 42 U.S.C. § 423, and other benefits available under 42 U.S.C. § 402. As Morrow correctly observes, § 402 includes both old-age and disability benefits. Thus, he would urge that the mention of § 402 in § 424a demonstrates that the federal offset, § 424a, encompasses both old-age benefits and disability benefits. The flaw in this argument is that § 424a is limited by the express terms of its title to the "[r]eduction of benefits based on disability on account of receipt of workmen's compensation." Since old-age, or retirement, benefits are plainly not "based on disability," they are not included within the ambit of § 424a. Therefore, the reference to § 402 is necessarily limited to those provisions in § 402 concerning disability, and not old-age benefits. See 42 U.S.C. § 402(b)(1), (c)(1), and (d)(1).
The federal disability social security legislation gives the states the option of passing the offset thus secured on to employers and carriers under the state workers' compensation law, so reducing workers' compensation payments to employees who also are receiving social security disability benefits. 42 U.S.C. § 424a (d). The Florida statute exercising that option, and giving employers and carriers this benefit, is section 440.15(10). See American Bankers Insurance Co. v. Little, 393 So.2d 1063 (Fla. 1980). Thus, because the setoff provisions of section 440.15(10)(a) parallel those of 42 U.S.C. § 424a, we regard the reference to 42 U.S.C. § 402 and to the "FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE ACT," in Florida Statute 440.15(10), as a reference to social security disability benefits payable under 42 U.S.C. §§ 402 and 423, not as a reference to retirement benefits payable under § 402. The disability benefits thus provided are subject to the offset of section 440.15(10). Modern Plating Co. v. Whitton, 394 So.2d 515 (Fla. 1st DCA 1981), pet. for rev. den., 402 So.2d 614 (Fla. 1981). The only reduction of compensation that ends at age 62 by virtue of section 440.15(10), relied on here by Morrow, is the offset for receipt of federal disability benefits.
In Sasso v. Ram Property Management and Fireman's Fund Insurance Company, 431 So.2d 204 (Fla. 1st DCA 1983), this court recently sustained, as against constitutional contentions similar to those made here by Morrow against the age-62 diminution of chapter 440 benefits, the provision in chapter 440 terminating certain classes of benefits at age 65. That decision controls this one. Section 440.15(3)(b)4 is not unconstitutional.
AFFIRMED.
MILLS and NIMMONS, JJ., concur.
*1233 Note: NIMMONS, J., did not participate in the oral argument of this case but has reviewed the recording of those proceedings.
NOTES
[1] Sec. 440.15(10) provides in part:

Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than they would have otherwise been reduced under 42 U.S.C. s. 424(a). This reduction of compensation benefits shall not be applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years. (Emphasis added).