SHIVERS, Judge.
In this workers’ compensation case, claimant, Izquierdo, appeals an order of the deputy commissioner. Appellant contends that the deputy commissioner erred in failing to award temporary partial disability benefits for a specified period of time and in denying wage-loss benefits pursuant to section 440.15(3)(b)3d, Florida Statutes (1979). We affirm.
The order sub judice, although awarding temporary total disability benefits from March 28, 1980, to May 26, 1982, and again from January 10, 1983, through April 20, 1983, is silent as to the interim period which the award creates, i.e., May 26, 1982, to January 10, 1983. Appellant contends that he is entitled to temporary partial disability benefits during this hiatus.
This error or oversight, if it is such, was never pointed out to .the deputy commissioner even though appellant had every opportunity to do so. An order prior to the one sub judice was entered on August 1, 1983. That order also was silent as to the hiatus. Claimant moved for reconsideration of the August 1 order and raised several issues but did not raise this issue. The deputy commissioner granted appellant’s motion for reconsideration, vacated the August 1 order, and entered the order sub judice. At no time did appellant bring this issue to the attention of the deputy commissioner. Therefore, we affirm. Mezquita v. Florida Steel Corp., 419 So.2d 675 (Fla. 1st DCA 1982); Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
We also find that appellant has no standing to challenge the constitutionality of section 440.15(3)(b)3.d., Florida Statutes (1979). The order contains no finding that claimant would be entitled to wage-loss benefits but for the provisions of section 440.15(3)(b)3.d. Acosta v. Kraco, Inc., 426 So.2d 1120 (Fla. 1st DCA 1983); Jack Eckerd Corp. v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982).
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.