WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner’s order awarding to appellee, claimant’s widow, death benefits under chapter 440, Florida Statutes. We reverse.
On April 30, 1973, claimant severely injured his back in a work related accident and had to undergo several back surgeries, all of which were unsuccessful. As a consequence of his surgery, he developed thrombophlebitis of his legs. For that complication, he received anticoagulation therapy which involves use of medication to thin the blood to prevent clotting. A side effect of that treatment is internal bleeding, which claimant suffered several times. As a further complication, the claimant had moderate to severe pain due to his back injury which caused him to suffer depression and reactive hypertension. The medical testimony established that, within reasonable medical probability, the above conditions caused claimant’s death on May 3, 1982, from a cerebral hemorrhage. The fact that claimant’s death was causally related to his industrial injury was undisputed as was the fact that he was continuously disabled from the time of his accident until his death, with employer/carrier paying permanent total disability benefits throughout that time.
Section 440.16(1), Florida Statutes, provides:
If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay: [certain benefits].
Although claimant’s death occurred approximately nine years after his accident, appellee/widow filed this claim, contending that section 440.16(1) is unconstitutional in that it denies her due process of law, to wit: access to courts, since under the statute she is afforded no remedy even though she undisputedly meets the causal relationship and dependency requirements. She also contended that the statute denies her equal protection of the law as it discriminates without reasonable basis against the right of spouses to collect workers’ compensation based on dependency.
The five year limit on benefits payable for death after continuous disability has remained in effect since the enactment of section 440.16(1), Florida Statutes, in 1935. Medical testimony was presented at the hearing to the effect that although such a five year limitation may have had a basis in fact in 1935 because of the lesser medical ability then to either prolong life or to determine the cause of death after a long period of time, the statute has no basis in fact today since the state of the art of medicine has advanced to the extent that the ability to prolong life has vastly improved as has the ability to determine cause of death even after long periods of disability.
The deputy commissioner accepted appel-lee’s argument that the basis for entitlement under the statute is dependency, which bears no relationship to whether an employee dies before or after the period of time allowed in the statute. He concluded that the statute denies appellee access to the courts in that she had no claim for death benefits until the death of her spouse and the statute extinguished her claim before it ever arose. Recognizing that a deputy commissioner does not have the authority to declare a statute unconstitutional, he noted that an official of the executive branch of government does have authority to refuse to enforce an unconstitutional statute. On that basis, he concluded that section 440.16(1), if applied to this case, would produce an unconstitutional result in that it would deny appellee due process and *119 equal protection of the law. Thus, he declined to enforce the statute against her and awarded her death benefits under the statute.
In the past, this Court and the Florida Supreme Court have upheld similar attacks on other sections and subsections of chapter 440. In light of the precedent set by those cases, we find that appellee has not sustained her burden of showing that section 440.16(1) is unconstitutional. Compare Acton v. Ft. Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982) [the fact that the 1979 amendments to chapter 440 eliminated most of the “scheduled injury” benefits did not render those amendments violative of the equal protection or access to the courts guarantees of the state or federal constitutions]; Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983) [the provision of section 440.15(3)(b)3.d., Florida Statutes (1979), which terminates the right to wage loss benefits when the injured employee reaches age sixty-five and becomes eligible for social security benefits, does not violate constitutional guarantees]; Morrow v. Amcon Concrete, Inc., 433 So.2d 1230 (Fla. 1st DCA 1983) [the 440.15(3)(b)4, Florida Statutes (1979) reduction by up to 50 percent of wage loss benefits at age sixty-two when the employee is receiving social security benefits was held constitutional]. See also Mahoney v. Sears, Roebuck & Company, 419 So.2d 754 (Fla. 1st DCA 1982); and Beauregard v. Commonwealth Electric, 440 So.2d 460 (Fla. 1st DCA 1983) [upholding section 440.15(3)(a)1 (1980) and (1981), which placed a dollar cap on eye injuries to the extent that, the claimants argued, the benefits provided were so paltry as to deny them redress for their injuries, as provided in article I, section 21, Florida Constitution]. .
In Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla.1972), the supreme court found that the fact that nondepen-dent survivors of an unemployed child are precluded from relief in a wrongful death action because of a provision of the workers’ compensation statute (under which they also are not entitled to relief since they are not dependents) does not render any portion of chapter 440 unconstitutional. The court discussed the purpose of the Workers’ Compensation Act and the fact that the legislature acted within its province in providing a workers’ compensation system under which the employee trades his tort remedies for a system of compensation without contest, thus sparing him the cost, delay and uncertainty of a claim in litigation. In Iglesia v. Floran, 394 So.2d 994 (Fla.1981), the court upheld section 440.11, Florida Statutes (Supp.1978) against the constitutional attack that it violates the access to courts provision of the Florida Constitution. Section 440.11 grants immunity from tort liability to co-employees, who, while in the course of their employment, negligently injure other employees of the same employer, unless the co-employees act with willful and wanton disregard or unprovoked physical aggression or with gross negligence.
While we hold section 440.16(1), Florida Statutes, constitutional, and decline to invade the province of the legislature in this regard, we recognize the equities of appel-lee’s arguments and suggest that section 440.16(1) should be revisited by the Florida legislature to address and debate the public policy underlying the one year and five year limitations in light of the advances made in medical science since the enactment of that statute.
REVERSED.
MILLS and SHIVERS, JJ., concur.