ROTHENBERG, J.
 

 Daniel Stahl (“the plaintiff’) appeals from an adverse final judgment following the trial court’s order granting the defendant’s, Tenet Health Systems, Inc. (“Tenet”), motion to dismiss the plaintiffs complaint with prejudice. We affirm.
 

 In December 2003, while working for Tenet as a registered nurse, the plaintiff injured his back. The plaintiff filed a workers’ compensation claim, and Tenet paid out the benefits required under the Workers’ Compensation Act (“the Act”). The treating physician assigned a seven percent disability rating to the plaintiff. In October 2005, the physician determined that the plaintiff had reached maximum medical improvement. Accordingly, Tenet paid out fourteen weeks of permanent impairment benefits as required by the Act.
 
 See
 
 § 440.15(3)(g)l, Fla. Stat. (2003) (providing for two weeks of benefits for each percentage point of impairment between one and ten percent).
 

 The plaintiff sought additional benefits for permanent total disability before the Office of the Judges of Compensation Claims (“OJCC”). Tenet and the plaintiff actively litigated those claims before the OJCC, and a final hearing was scheduled in April 2007. However, the plaintiff filed a lawsuit against Tenet in the trial court, and voluntarily dismissed his petition before the OJCC. In the first complaint, the plaintiff alleged that Tenet’s negligence caused him permanent disability in the form of the loss of wage earning capacity. Further, he alleged, because the 2003 version of section 440.15(3) eliminated any benefits for such recovery, the plaintiff could recover those losses by way of a tort suit. Tenet moved to dismiss this complaint, arguing that the claim was barred by workers’ compensation immunity, and Tenet had fully complied with its statutory obligations. By agreed order, the trial court dismissed the first complaint without prejudice.
 

 The plaintiffs first amended complaint was a declaratory judgment action seeking a finding that section 440.15(3), Florida Statutes (2003), was unconstitutional. The plaintiff claimed that section 440.15(3) eliminated (for someone with his level of disability) his common law right to wage-loss benefits. Tenet moved to dismiss that complaint, arguing that the trial court lacked jurisdiction, the plaintiff lacked standing, and any challenge to the Act’s constitutionality should have been raised before the OJCC. The trial court dismissed the first amended complaint without prejudice.
 

 The second amended complaint was essentially the same as the first amended complaint, making a limited challenge to section 440.15(3), as amended in 2003. Tenet moved to dismiss the second amended complaint upon the same grounds raised in its previous motion. The trial court dismissed the second amended complaint with prejudice, and entered final judgment in favor of Tenet. This appeal followed.
 

 The plaintiff has pursued a rather unconventional procedural course in this case. He litigated his petition for benefits before the OJCC for more than three years without once contending that the statute was unconstitutional. Then, before the conclusion of those proceedings, he voluntarily abandoned his benefits petition
 
 *540
 
 and filed a tort action against his employer in the circuit court. The trial court dismissed the plaintiffs first complaint pursuant to the parties’ agreement. Now, following the dismissal of his first amended complaint, by way of a circuit court action for declaratory relief, the plaintiff seeks to make a facial challenge to the constitutionality of the 2003 version of section 440.15(3).
 

 Even if the plaintiffs chosen procedural course was appropriate (which is far from certain),
 
 [1]
 
 we nevertheless conclude that he lacked standing to challenge the constitutionality of section 440.15(3). To challenge this section of the statute, the plaintiff must demonstrate — through a finding made in the OJCC proceeding, or a showing of evidence — that but for the provisions of section 440.15(3), as amended in 2003, he would be entitled to receive wage-loss benefits.
 
 Izquierdo v. Volkswagen Interamericana,
 
 450 So.2d 602, 603 (Fla. 1st DCA 1984);
 
 Acosta v. Kraco, Inc.,
 
 426 So.2d 1120, 1121 (Fla. 1st DCA 1983);
 
 Jack Eckerd Corp. v. Coker,
 
 411 So.2d 1026, 1028 (Fla. 1st DCA 1982).
 

 In this case, the plaintiff abandoned his petition for benefits, and therefore, this Court was not presented with an OJCC finding that but for the 2003 statute he would be entitled to wage-loss benefits. Similarly, a review of the evidence presented in this case reveals that under all versions of section 440.15(3) between 1993 and 2003,
 
 [2]
 
 the plaintiff still would not have met the twenty percent disability threshold required for obtaining supplemental benefits.
 
 See, e.g.,
 
 § 440.15(3)(b)l.a, Fla. Stat. (2002) (providing that an employee must be assigned a minimum twenty percent impairment rating to be entitled to supplemental/wage-loss benefits). The plaintiff cannot, and does not dispute this fact. Accordingly, the plaintiff cannot prove that he would be entitled to the wage-loss benefits he seeks but for the provisions of section 440.15(3), as amended in 2003.
 

 We therefore affirm the trial court’s order granting Tenet’s motion to dismiss the plaintiffs complaint with prejudice.
 

 Affirmed.
 

 [1]
 

 . In fact, the plaintiff concedes that his constitutional challenge to section 440.15(3) could have been preserved before the OJCC, and upon resolution of the benefits petition, determined by the First District Court of Appeal in a plenary appeal. The plaintiff, however, finding this course of action "less than satisfactory,” opted to pursue the procedural course outlined above. The plaintiff has not provided this Court with any legal authority suggesting that he may disregard such a "less than satisfactory” procedure.
 

 [2]
 

 . After publication of the 1993 version, but prior to the 2003 version at issue in this case, subsection (3) of section 440.15 was amended on several occasions. In chronological order,
 
 see
 
 Ch. 93-415, § 20, at 121-27, Laws of Fla.; Ch. 97-264, § 47, at 4806-07, Laws of Fla.; Ch. 98-125, § 2, at 839-43, Laws of Fla.; Ch. 98-166, §§ 190, 261, at 1331-33, 1367-68, Laws of Fla.; Ch. 2002-194, § 28, at 1228-31, Laws of Fla. (detailing amendments to subsection (3) during this period).