OPINION ON MOTION FOR WRITTEN OPINION

PER CURIAM.
This cause is before us on Appellant’s motion for Written Opinion. We grant the motion and, accordingly, withdraw our former opinion of February 3, 2015, and substitute this opinion in its place.
In this workers’ compensation case, Claimant asserts that the 1994 addition of a $10 copay for medical visits after a claimant attains maximum medical improvement, and the 2003 elimination of permanent partial disability (PPD) benefits, make the Workers’ Compensation Law an inadequate exclusive replacement remedy for a tort action. See Ch. 93-415, § 17, at 110, Laws of Fla. (substantially rewriting section 440.13, Florida Statutes); Ch. 03-412, § 18, at 3920-24, Laws of Fla. *520 (amending section 440.15(3)(c), Florida Statutes). We disagree, because both amendments withstand rational basis review, in that the copay provision furthers the legitimate stated purpose of ensuring reasonable medical costs after the injured worker has reached a maximum state of medical improvement, and PPD benefits were supplanted by impairment income benefits. See, e.g., § 440.015, Fla. Stat. (“It is the intent of the Legislature that the Workers’ Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment-at a reasonable cost to the employer.”); Bradley v. Hurricane Rest., 670 So.2d 162, 165 (Fla. 1st DCA 1996) (“Physical impairment is one accepted criterion for measuring benefits, and it was within the legislature’s discretion to utilize this standard.”).
AFFIRMED.
THOMAS, CLARK, and WETHERELL, JJ., concur.