IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS BECK,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-2767

MMI DINING SYSTEMS/
MONTVERDE
ACADEMY/TRAVELERS
INSURANCE COMPANY,

      Appellees.

_____/

Opinion filed December 31, 2015.

An appeal from an order of the Judge of Compensation Claims.
W. James Condry, II, Judge.

Date of Accident: September 4, 2013.

Charles H. Leo of Charles H. Leo, P.A., Orlando, and Richard W. Ervin, III, of Fox
& Loquasto, P.A., Tallahassee, for Appellant.

Justin R. Crum of the Law Office of Jack D. Evans, Orlando, and Steven H. Preston
of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellees.


RAY, J.

      In this workers' compensation case, Claimant appeals a ruling of the Judge of

Compensation Claims (JCC) that denies him temporary indemnity benefits.

Claimant's first point on appeal takes issue with the doctor's assignment of

maximum medical improvement, and his third point on appeal disputes the ruling on penalties, interest, costs, and attorney's fees; we affirm with respect to these arguments, without further comment.

Claimant's second point on appeal lodges a constitutional challenge to subparagraph 440.15(3)(g)1., Florida Statutes (2013), specifically asserting that it violates his right of access to courts, guaranteed him by Article I, section 21 of the Florida Constitution. On this point, we hold Claimant lacks standing because he failed to demonstrate "an injury which is both real and immediate, not conjectural or hypothetical." Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985).

Subparagraph 440.15(3)(g)1. permits an award of impairment benefits to an injured worker with a permanent impairment rating, to begin the date after the injured worker reaches maximum medical improvement. But Claimant did not ask the JCC to award any additional impairment benefits during the proceedings below and, thus, was not denied such benefits; therefore, Claimant has not demonstrated a "real and immediate" injury to himself on this record. See Punsky v. Clay Cty. Bd. of Cty. Comm'rs, 60 So. 3d 1088, 1092 (Fla. 1st DCA 2011) (rejecting for lack of standing claimant's access-to-courts challenge to workers' compensation prevailing-party costs statute); see also Stahl v. Tenet Health Sys., Inc., 54 So. 3d 538, 539-40 (Fla. 3d DCA 2011) (holding claimant lacked standing to challenge constitutionality

of subsection 440.15(3) because he did not prove (by evidence or an order from a JCC) that, but for that statute, he would be entitled to receive wage-loss benefits); Bradley v. Hurricane Rest., 670 So. 2d 162, 165 (Fla. 1st DCA 1996) (rejecting due process challenge to 104-week limit on temporary total disability benefits for lack of standing where claimant reached maximum medical improvement before expiration of 104 weeks); Izquierdo v. Volkswagen Interamerica, 450 So. 2d 602, 603 (Fla. 1st DCA 1984) (holding claimant had no standing to challenge constitutionality of paragraph 440.15(3)(b) because "order contains no finding that claimant would be entitled to wage-loss benefits but for" that provision); Acosta v. Kraco, Inc., 426 So. 2d 1120, 1121 (Fla. 1st DCA 1983) (holding claimant had no standing to challenge constitutionality of statute terminating wage-loss benefits eligibility at age 65 where claimant failed to prove that he was otherwise eligible for wage-loss benefits).

Furthermore, even if Claimant had standing to challenge this statutory provision, his position would not prevail because this court has previously held that the 2003 elimination of permanent partial disability benefits in favor of impairment benefits withstands rational basis review. See Stahl v. Hialeah Hosp., 160 So. 3d 519 (Fla. 1st DCA 2015), review granted, 2015 WL 6126944 (Fla. Oct. 13, 2015).

AFFIRMED.

ROWE and SWANSON, JJ., CONCUR.